

**ORDERED in the Southern District of Florida on September 29, 2019.**

_____

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 17-25341-BKC-MAM |
| LISA MARIE BRADLEY,<br>        Debtor.<br>_____/ | Chapter 7 |
| CARTAGENA GROUP, LTD AND<br>HOMECRETE HOMES INC.,<br>        Plaintiffs. | Adv. Proc. No. 18-01361-MAM |
| v. | |
| LISA MARIE BRADLEY,<br>        Defendant.<br>_____/ | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 15) AND SETTING PRETRIAL CONFERENCE

THIS MATTER came before the Court on May 1, 2019, upon *Plaintiff's Motion*

*for Summary Judgment and Memorandum of Law* (the "Summary Judgment

Motion") (ECF No. 15) filed by Cartagena Group, LTD ("Cartagena") and Homecrete

Homes Inc. ("Homecrete", and together with Cartagena, "Plaintiffs"), the response

(ECF No. 41) ("Response") filed by the defendant/debtor, Lisa Marie Bradley

("Debtor"), *Defendant's Amended Declaration in Opposition to Plaintiffs' Motion for

Summary Judgment [ECF No. 15]* (ECF No. 42) (the "Affidavit"), Plaintiffs' reply

(ECF No. 43) (the "Reply"), and the Joint Pretrial Stipulation filed on behalf of both

parties (ECF No. 54) ("Joint Stipulation").[1] After considering all pleadings filed by

both parties, the Court denies Plaintiffs' request for summary judgment.

**PROCEDURAL BACKGROUND AND COMPLAINT ALLEGATIONS**

Plaintiffs' complaint (ECF No. 1) ("Complaint") asserts two causes of action:

(i) objection to discharge pursuant to 11 U.S.C. § 727 and (ii) nondischargeability

pursuant to section 523(a)(10). The Summary Judgment Motion seeks entry of

judgment in favor of Plaintiffs on Count I only.

The Complaint alleges that Debtor, along with her ex-husband, James Bradley

("Ex-Husband"), filed a prior chapter 13 joint case in this Court, identified as Case

No. 15-20909-PGH (the "Chapter 13 Case"). During the Chapter 13 Case, Debtor and

her Ex-Husband entered into a settlement agreement with Homecrete. *See* ECF No.

1, Exhibit A, pp. 10-14 (the "Settlement Agreement"). Plaintiffs filed a motion to

approve the Settlement Agreement (ECF No. 67 in the Chapter 13 Case) (the

---

[1] Although Plaintiffs filed the Summary Judgment Motion on November 23, 2018, the parties agreed to extend the time to file the Joint Stipulation until May 2, 2019. The parties filed the Joint Stipulation on May 1, 2019.

"Settlement Motion"), which this Court granted via entry of an agreed order. *See* ECF No. 75 in the Chapter 13 Case (the "Settlement Order").

Plaintiffs contend that a material term of the Settlement Agreement was Homecrete's willingness to significantly reduce the principal amount of its claim in exchange for Debtor and her Ex-Husband agreeing to waive their right to discharge. Plaintiffs further argue that the terms of the Settlement Agreement expressly provided that the waiver of discharge would not only survive the dismissal of the Chapter 13 Case, but would also apply to any and all future bankruptcy proceedings. In support, Plaintiffs direct the Court to paragraph 5 of the Settlement Agreement ("Paragraph 5"), which provides as follows:

> In the event that the present bankruptcy proceeding is dismissed or converted to Ch. 7, then the terms and conditions of the entire agreement set forth herein shall remain binding on the parties hereto and any subsequent Trustee, and survive a dismissal or discharge of this or any other bankruptcy proceeding of the Judgment Debtors.

Plaintiffs believe that the Paragraph 5, taken in context with the entire Settlement Agreement,[2] operates as an unassailable waiver of Debtor's discharge pursuant to 11 U.S.C. § 727 ("§ 727") in her current chapter 7 bankruptcy case (the "Chapter 7 Case").

In response, Debtor denies that the purported waiver of discharge and dischargeability was the product of a conscious and informed judgment by Debtor and that Debtor was aware of and understood the consequences of waiver. In support of

---

[2] Paragraph 16 of the Complaint does not clarify what provision of the Settlement Agreement allegedly provided a knowing and conscious waiver of discharge pursuant to 11 U.S.C. § 727 in a future chapter 7 case and merely states that the Settlement Agreement "contain[ed] a waiver of discharge". Complaint at ¶ 16.

this position, Debtor argues that (i) the language upon which waiver is based was "deeply embedded" in the Settlement Motion, and (ii) the record of the Chapter 13 Case does not demonstrate that Debtor was aware of either the waiver of discharge or its potential consequences in this Chapter 7 Case. Response at ¶ 2-3. Debtor also asserts that objections to a § 727 discharge must be prosecuted or dismissed and may not be waived in a current bankruptcy case by settlement in a prior bankruptcy case.

In the Affidavit, Debtor states that the underlying debt to Homecrete (the "Homecrete Claim") arose as part of a residential real estate transaction. Debtor contends that risky financial decisions made by her Ex-Husband, termination of his employment, and the crash of the residential real estate market combined to result in a sizeable claim. Ultimately, Debtor and Ex-Husband filed the Chapter 13 Case.

Debtor states that due to the location of her employment, she rarely attended hearings in the Chapter 13 Case, and further indicates that her understanding of the proceedings at the hearing upon the Settlement Agreement (which she states that she did attend) was very limited. Debtor has no memory of responding to inquiries from the Court regarding waiver of discharge.

## CONCLUSIONS OF LAW

### I.      Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I).

### II.     Genuine issues of material fact preclude entry of summary judgment

Pursuant to Federal Rule of Civil Procedure 56(a), made applicable to

bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "When deciding summary judgment, the Court may look to materials in the record such as depositions, documents, affidavits or declarations, and admissions." *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, 981 F. Supp. 2d 1302, 1305-06 (S.D. Fla. 2013) (*citing* Fed. R. Civ. P. 56(c)). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Diaz v. Amerijet Int'l, Inc.*, 872 F. Supp. 2d 1365, 1368 (S.D. Fla. 2012) (*quoting Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997)) (internal quotation marks omitted); *see also Morton v. Kirkwood*, 707 F.3d 1276, 1280 (11th Cir. 2013). Finally, the moving party "always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314-15 (11th Cir. 2011).

After reviewing the record to date, including (but not limited to) the Summary Judgment Motion, Response, Reply, Joint Stipulation, and all exhibits to each of these respective filings, the Court finds that genuine disputes as to material facts exist that preclude the entry of summary judgment on Count I of the Complaint in

favor of Plaintiffs.  Specifically, the Court finds that the record does not illustrate (i) whether Defendant's purported waiver of a § 727 discharge was both knowing and voluntary, and (ii) whether the purported waiver of a right to discharge in a subsequent bankruptcy case was clarified for both Debtor and the Court at the hearing to approve the Settlement Motion (the "<u>Settlement Hearing</u>").

Courts have long established that stipulations preventing discharge of debts in a future bankruptcy case are unenforceable as against public policy. *In re Lucas*, 477 B.R. 236, 245-46 (Bankr. M.D. Ala. 2012). "The courts unanimously hold that prepetition stipulations to waive discharge, if allowed, would eviscerate the protections of the Bankruptcy Code. If it were that easy to avoid a discharge in bankruptcy, every creditor would insert a clause waiving discharge into every contract, promissory note, and lease." *Id.* at 246. Although it is possible for a debtor to waive the right to discharge in some instances, waiver of the right to discharge requires the approval of the bankruptcy court and verification by the bankruptcy court that the debtor's waiver is intentional as a result of a conscious and informed judgment, and that the debtor understands that the waiver may not later be vacated. *In re Stokes*, No. 6:09-BK-01126-ABB, 2011 WL 10945123, at *2 (Bankr. M.D. Fla. Feb. 9, 2011), citing to *In re Eliscu*, 163 B.R. 335, 340 (Bankr. N.D. Ill. 1994).

In this unique instance, Debtor appeared before this Court in the Chapter 13 Case, which provides the Court with a bit more insight. The record of the Chapter 13 Case indicates that the Settlement Hearing was brief. It is unclear whether Debtor was present in the courtroom at the time of the Settlement Hearing, but the Court

accepts as true Debtor's representation that she recalls attending the Settlement
Hearing.

The Court is taking judicial notice[3] of the record in the Chapter 13 Case, which
indicates that the only representations presented to the Court by counsel to Debtor
and her Ex-Husband in connection with the Settlement Motion in the Chapter 13
Case related to approval of the settlement pursuant to Bankruptcy Rule 9019 and the
standards under *Arrow Air*,[4] as well as the agreement of the Chapter 13 Trustee and
Debtor's counsel that the Chapter 13 Case would be dismissed following approval of
the Settlement Motion.[5] As a result, the record in the Chapter 13 Case does not
presently demonstrate, as an undisputed question of fact, that the purported waiver
by Debtor of the right to a bankruptcy discharge, as set forth in Paragraph 5, was
(i) disclosed to the Court at the Settlement Hearing, or (ii) that the Court had an
opportunity to verify that (a) Debtor's purported waiver of the right to discharge was
intentional as a result of a conscious and informed judgment, and (b) Debtor
understood that the waiver might not later be vacated in a subsequent bankruptcy
case.

---

[3]  Fed. R. Evid. 201(b).

[4]  *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988).

[5] To the extent that Plaintiffs would now rely upon a footnote in the Settlement Motion stating that
the Settlement Motion's omission of any provisions did not impact the validity or enforceability of such
provisions, this reliance is misplaced. It is highly doubtful that any court would find that use of a
similar footnote provides the court with sufficient information to evaluate the knowing and conscious
nature of a waiver of discharge, particularly one that is worded as poorly as the purported waiver of
discharge in paragraph 5 of the Settlement Agreement.  Standing alone, the Court finds the language
of Paragraph 5 to be ambiguous at best.  The phrase "dismissal or discharge" could be interpreted as
pertaining only to the termination of a proceeding, rather than discharge of obligations in a bankruptcy
case.

Moreover, the ability of Debtor to waive her § 727 discharge in a *future* chapter 7 bankruptcy case as an ancillary part of a settlement in a prior chapter 13 bankruptcy case is questionable as a matter of law. The plain language of § 727 may very well foreclose any potential prepetition waiver of discharge as to Debtor's present Chapter 7 Case.[6]

In order to weigh the legal issues relating to discharge, the Court must consider (i) all facts regarding the scope of disclosure to the Court and to Debtor, (ii) Debtor's understanding regarding the consequences of the purported waiver of discharge, and (iii) the opportunity afforded the Court to make inquiry of Debtor regarding her knowledge, intent, and understanding of the purported waiver of discharge provision. Because the parties dispute whether facts exist demonstrating that the waiver of the right to a discharge was the product of a conscious and informed judgment with Debtor's full understanding of the impact of the waiver and its purported application in a subsequent bankruptcy case, the Court must deny summary judgment as to Count I of the Complaint.

The parties shall proceed to trial.

## CONCLUSION

With the Court being fully advised in the premises and for the reasons

---

[6] Section 727(a)(1) provides:
> (a) The court shall grant the debtor a discharge, unless—
> (10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

Because the text of the statute makes clear that waiver pursuant to § 727(a)(10) must occur <u>after</u> entry of the order for relief in a case "under this chapter", it is highly doubtful that a contractual waiver of discharge in a prior chapter 13 case would preclude entry of discharge in a subsequent unrelated chapter 7 case.

discussed above, the Court hereby **ORDERS AND ADJUDGES** that:

1.    The Defendant's Motion for Summary Judgment is **DENIED**.

2.    The pretrial conference will proceed on **December 10, 2019,** at **10:00**

**a.m**. at the United States Bankruptcy Court, 1515 N. Flagler Drive, Courtroom A,

8th Floor, West Palm Beach, Florida 33401.

###

Copies furnished to:

John P Carrigan
POB 2401
Stuart, FL 34995

Attorney Carrigan is directed to serve this Order upon all parties to this Adversary
Proceeding and file a conforming certificate of service.